UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RITTER,<br><br>        Plaintiff,<br><br>v.<br><br>CONALL MCCABE, ET. AL.,<br><br>        Defendants. | Case No. 1:19-cv-00324-DAD-HBK<br><br>ORDER DENYING DEFENDANTS' MOTION FOR DE NOVO REVIEW AND CONSTRUING PLAINTIFF'S MOTION TO DENY AS OPPOSITION<br><br>(Doc. Nos. 33, 34) |

Pending before the court is Defendant's Motion for Ruling by District Judge filed August 4, 2021. (Doc. No. 33). Defendants seek *de novo* review of the former-magistrate judge's second screening order issued on October 21, 2019. (*Id*. at 1). Defendants argue that even though Plaintiff consented to the dismissal of certain defendants and claims following the second screening order, the dismissal of these defendants and claims exceeded the magistrate judge's authority under *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), because Defendants had not consented to the magistrate judge. (*Id.* at 1-2). Plaintiff filed a pleading titled "Request to Judge to Deny Motion" which the Court construes as an opposition to Defendants' motion. (Doc. No. 34). Referring to Defendants' motions for enlargements of time and the amount of time this case has been pending, Plaintiff requests that the court deny Defendants' motion for de novo review so that his case may proceed. (*Id.* at 1).

A review of the docket reveals Plaintiff initiated this action proceeding *pro se* by filing a

prisoner civil rights action under 42 U.S.C. § 1983.  (Doc. No. 1).  Plaintiff proceeds on his First Amended Complaint as screened.  (Doc. No. 9, "FAC").  The Defendants who were served answered the FAC on March 24, 2020.  (Doc. No. 24).  A discovery and scheduling order issued on March 25, 2020.  (Doc. No. 25).  The Court granted Defendants' second motion to extend the discovery and dispositive deadlines on May 20, 2020.  (Doc. No. 32).  Pending before the Court is Defendants' third motion to further extend certain deadlines in the discovery and scheduling order.  (Doc. No. 35).

This action involves Plaintiff's Eighth Amendment deliberate indifference to a serious medical condition claim.  On July 8, 2019, the former-assigned magistrate judge issued a screening order on Plaintiff's initial complaint and permitted Plaintiff leave to file an amended complaint if he wished to do so.  (Doc. No. 8 at 1, 10).  The initial screening order determined the complaint stated only a medical deliberate indifference claim against Defendant Nguyen.  (*Id.* at 2).  Following the first screening order, Plaintiff filed the FAC naming three defendants: Dr. Mccabe, Dr. Sill, and Dr. Nguyen.  (Doc. No. 9).  On October 21, 2019, the former-assigned magistrate judge issued a second screening order, noting the FAC was substantially similar to Plaintiff's initial complaint, except Plaintiff elected to remove Ravijot as a Defendant.  (Doc. No. 12 at 2, citing Doc. No. 9 at 1 and noting Plaintiff struck through Ravijot's name).  The second screening order found the FAC stated Eighth Amendment medical deliberate indifference claims as to Defendants McCabe and Nguyen only but no claim against Defendant Sill.  (*Id.* at 2).  The former-assigned magistrate judge gave Plaintiff an opportunity to notify the court whether he wanted to proceed only on claims sanctioned by the court and "voluntarily dismiss the other claims and defendants" or notify the court whether he wished to stand by the first amended complaint, subject to the recommendation of a dismissal of the claims and defendants consistent with the order.  (*Id.* at 3).  On October 28, 2019, Plaintiff filed a pleading titled "Notify the Court that Willing to Proceed Only on Claims Sanctioned By this Order and Dismiss Other Claims" in which Plaintiff unequivocally stated that he "wished to proceed only on the claims sanctioned by the order written on October 21, 2019 and will voluntarily dismiss other claims."  (Doc. No. 13). Consistent with Plaintiff's notice of voluntary dismissal of claims against Defendants Sill and

Ravijot, the former-assigned magistrate judge directed the clerk to remove Defendants Sill and Ravijot from the docket. (Doc. No. 17). The docket reflects both parties' termination effective November 20, 2019. Neither Sill nor Ravijot were served in this action and no judgment was entered.

At the outset, Defendants' motion for *de novo* review is filed nearly two years after the relevant screening order was issued and more than a year and a half after Defendants answered the operative complaint. (*See* docket). Further, not only are the facts in the instant case distinguishable from *Williams v. King*, 875 F.3d 500 (9th Cir. 2017), Rule 41(a) of the Federal Rules of Civil Procedure allows a party to dismiss some or all of the defendants or claims in an action through a Rule 41(a) notice as a right. *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993) (agreeing with the "First, Third, Fifth, and Eighth circuits that Rule 41(a)(1) allows a plaintiff to dismiss without a court order any defendant who has yet to serve an answer or a motion for summary judgment" without dismissing other defendants or the entirety of the action); *see also Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001). Thus, prior to any Defendant answering or moving for summary judgment, Plaintiff had the absolute right to dismiss his claims against Defendants Sill and Ravijot without prejudice without a court order. Plaintiff's filing of the notice itself has the effect of terminating these Defendants, and the Court no longer has jurisdiction over the claims against those Defendants. *Id*.

Accordingly, it is **ORDERED**:

1. Defendants' motion for *de novo* review (Doc. No. 33) is DENIED.

2. The Clerk of Court shall terminate Plaintiff's motion (Doc. No. 34), construed by the Court as Plaintiff's opposition to Defendants' motion.

Dated:   October 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3