UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RITTER,<br><br>                Plaintiff,<br><br>        v.<br><br>CONALL MCCABE, et. al.<br><br>                Defendants. | Case No. 1:19-cv-00324-DAD-HBK (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE SCHEDULING ORDER AND EXTEND DEADLINES<br><br>(Doc. No. 35)<br><br>Amended Deadline for Depositions- 05/25/2022<br>Amended Dispositive Deadline- 09/01/2022<br><br>ORDER TO ADVISE THE COURT WHETHER THE PARTIES ARE WILLING TO PARTICIPATE IN SETTLEMENT CONFERENCE<br><br>30-DAY DEADLINE |

Pending before the Court is Defendants' third motion to modify the Discovery and Scheduling Order filed October 19, 2021. (Doc. No. 35). Plaintiff has not filed an opposition to the motion and the time for doing so has expired. Defendants seek to enlarge the deadline to take Plaintiff's deposition to May 25, 2022 and the deadline to file dispositive motions to September 1, 2022, due to ongoing Covid-19 related-restrictions impeding Plaintiff's deposition at the

Fresno County Jail.  (*Id*. at 2-3).  Plaintiff remains incarcerated at the Fresno County Jail for an undeterminable time while awaiting trial on new criminal charges since his incarceration in the California Department of Corrections and Rehabilitation.  (*Id*. at 2).

Fed. R. Civ. P. 6(b) provides for extending deadlines for good cause shown, if the request to extend time is made before the original time, or its extension expires; or, on a motion made after the time has expired, if the party failed to act because of excusable neglect.  Additionally, Fed. R. Civ. P. 16(b)(4) permits a court to modify a scheduling order for good cause shown and with the judge's consent.   Here, Defendants filed their motion before the prior extension of time expired and have established good cause to further extend the deadline to conduct Plaintiff's deposition and to file dispositive motions, if appropriate, in this case.  The Court will grant a further extension to the deadlines.

Upon review of the docket, the Court notes that the parties were not initially offered the opportunity to participate in early ADR.  As a general matter, the Court refers all civil rights cases filed by *pro se* individuals to ADR to attempt to resolve such cases more expeditiously and less expensively.  *See* Local Rule 270.  In appropriate cases, defense counsel from the California Attorney General's Office have agreed to participate in ADR.  No claims, defenses, or objections are waived by the parties' participation.  Attempting to resolve this matter through settlement now would save the parties the time and expense of engaging in further discovery and preparing substantive dispositive motions.  The Court will direct the parties to investigate Plaintiff's claims, meet and confer, and consider whether they are willing to participate in a settlement conference.  If after investigating Plaintiff's claims and meeting and conferring, either party finds that a settlement conference would be a waste of resources, the party may opt out of the early settlement conference.  If any party opts out or the settlement is unsuccessful this case will continue on the amended deadlines set forth herein.  The parties shall advise the Court whether they are willing to participate in a settlement conference within 30 days of the date of this Order.

Accordingly, it is **ORDERED**:

1. Defendants' third motion to modify the discovery and scheduling order (Doc. No. 35) is GRANTED.

2. The deadline to conduct Plaintiff's deposition is extended to May 25, 2022 and the filing deadline for dispositive motions extended to September 1, 2022.

3. The parties shall file a notice advising the Court if they object to proceeding to a settlement conference no later than thirty (30) days from receipt of this Order. **If any party objects to participating in a settlement conference the case will proceed on the amended deadlines set out above.**

4. If all parties consent to a settlement conference, the Court will assign this matter to a United States Magistrate Judge, other than the undersigned, for purposes of conducting the settlement conference.

5. If the parties are able to reach a settlement prior to the settlement conference, they shall file a Notice of Settlement as required by Local Rule 160.

Dated:    November 13, 2021

                                  HELENA M. BARCH-KUCHTA
                                UNITED STATES MAGISTRATE JUDGE