UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD RITTER,<br><br>            Plaintiff,<br><br>   v.<br><br>CONALL MCCABE, ET. AL.,<br><br>            Defendants. | Case No. 1:19-cv-00324-DAD-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL AND DIRECTING CLERK TO UPDATE PLAINTIFF'S ADDRESS OF RECORD<br><br>(Doc. No. 38) |

Pending before the Court is Plaintiff's motion to appoint counsel, filed December 2, 2021.[1] (Doc. No. 38). Plaintiff initiated this action by filing a *pro se* prisoner civil rights action under 42 U.S.C. § 1983 on March 11, 2019. (Doc. No. 1). Plaintiff is proceeding on his first amended complaint. (Doc. No. 10).

The United States Constitution does not require appointment of counsel in civil cases. *See Lewis v. Casey*, 518 U.S. 343, 354 (1996) (explaining *Bounds v. Smith*, 430 U.S. at 817, did not create a right to appointment of counsel in civil cases). Under 28 U.S.C. § 1915, this court has discretionary authority to appoint counsel for an indigent to commence, prosecute, or defend a civil action. *See* 28 U.S.C. § 1915(e)(1) (stating the court has authority to appoint counsel for

---

[1] Filed with Plaintiff's motion to appoint counsel is his notice of change of address. (*See* Doc. No. 38 at 3). The Court directs the Clerk to separate the notice of change of address from the instant motion, separately docket Plaintiff's notice of change of address, and update Plaintiff's address of record accordingly.

1    people unable to afford counsel); *see also United States v. McQuade*, 519 F.2d 1180 (9th Cir.
2    1978) (addressing relevant standard of review for motions to appoint counsel in civil cases) (other
3    citations omitted).  However, motions to appoint counsel in civil cases are granted only in
4    "exceptional circumstances." *Id.* at 1181.  The Court may consider many factors to determine if
5    exceptional circumstances warrant appointment of counsel including, but not limited to, proof of
6    indigence, the likelihood of success on the merits, and the ability of the plaintiff to articulate his
7    or her claims *pro se* in light of the complexity of the legal issues involved.  *Id.*; *see also Rand v.*
8    *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en*
9    *banc*, 154 F.2d 952 (9th Cir. 1998).

10   Plaintiff has not met his "burden of demonstrating exceptional circumstances*." Jones v.*
11   *Chen*, 2014 WL 12684497, at *1 (E.D. Cal. Jan. 14, 2014).  Although Plaintiff is proceeding *pro*
12   *se* and is incarcerated, he faces the same obstacles all *pro se* prisoners face.   *Courtney v. Kandel*,
13   2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020)(challenges conducting discovery and
14   preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the
15   basis for appointment of counsel).  Plaintiff's indigence does not qualify "as an exceptional
16   circumstance in a prisoner civil rights case." *Montano v. Solomon*, 2010 WL 2403389, at *2
17   (E.D. Cal. June 11, 2010); *Callender v. Ramm*, 2018 WL 6448536, at *3 (E.D. Cal. Dec. 10,
18   2018).   Contrary to Plaintiff's assertion, the court does not find the issues are "so complex that
19   due process violations will occur absent the presence of counsel." *Bonin v. Vasquez*, 999 F.2d
20   425, 428–29 (9th Cir. 1993).

21   Plaintiff has capably filed motions and his first amended complaint has plausibly stated a
22   claim to survive an initial screening.  (*See* Doc. No. 14).  Plaintiff has not showed exceptional
23   circumstances warrant appointment of counsel at this stage of the proceedings.  Should this case
24   progress and Plaintiff's circumstances change so that he is able to demonstrate exceptional
25   circumstances, he may renew his motion for appointment at counsel at that time.
26   Accordingly, it is ORDERED:
27   1. Plaintiff's motion to appoint counsel (Doc. No. 38) is DENIED, without prejudice.
28   2. The Clerk of Court shall separate Plaintiff's notice of change of address (Doc. No. 38

at 3) from the instant motion, separately file the notice of change of address, and update Plaintiff's address of record accordingly.

Dated:     December 20, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE